# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## UNITED STATES

v.

## Andrew T. MEADOR
### Seaman (E-3), U.S. Coast Guard

### Docket No. 002-62-16

### 19 April 2016

General Court-Martial convened by, Commander, Ninth Coast Guard District. Article 39(a) session at Cleveland, Ohio, on 10 February 2016; ruling by military judge on 11 February 2016.

| | |
|---|---|
| Military Judge: | CDR Cassie A. Kitchen, USCG |
| Trial Counsel: | LCDR Kismet R. Wunder, USCG |
| Assistant Trial Counsel: | LT Robert S. Poitinger, USCG |
| Defense Counsel: | LT Jason W. Roberts, USCG |
| Appellate Government Counsel: | LT Tereza Z. Ohley, USCGR |
| Appellate Defense Counsel: | LT Philip A. Jones, USCGR |

## BEFORE
## McCLELLAND, BRUCE & JUDGE
Appellate Military Judges

JUDGE, Judge:

This is a Government appeal under Article 62, Uniform Code of Military Justice (UCMJ). On 11 February 2016, upon motion by Appellee, the military judge dismissed Charge II and the specifications thereunder, opining that the Preliminary Hearing Officer's (PHO) determination that probable cause did not exist with respect to Charge II, and its specifications, was dispositive, hence the specifications were improperly referred. Alternatively, the military judge held that the Staff Judge Advocate's (SJA) Article 34 advice was misleading and defective.

The Government gave notice of appeal on 12 February 2016, and filed the record of trial with this Court on 3 March 2016. The Government filed its appeal brief on 28 March 2016. Appellee filed his brief on 18 April 2016.

The Government argues that the PHO's determination as to probable cause is not dispositive and that the SJA's advice was not misleading. Appellee argues that the PHO's determination is binding and that the SJA's advice was defective because it misstated the law and contained evidence not included in the PHO's report.

### Applicable law, Scope and Standards of Review

Under Article 62, we act only with respect to matters of law. We review the military judge's decisions for abuse of discretion. We reject her findings of fact only if they are clearly erroneous or not supported by the evidence.

The law pertinent to this appeal is that governing the preliminary hearing required by Article 32, UCMJ, and Rule for Courts-Martial (R.C.M.) 405, Manual for Courts-Martial, United States, as amended by Executive Order 13696, 80 Fed. Reg. 35,783 (17 June 2015), as well as the staff judge advocate advice required by Article 34. Unless waived, a preliminary hearing is required before charges can be referred to a general court-martial. Article 32(a)(1). One purpose of the preliminary hearing is to determine "whether there is probable cause to believe an offense has been committed" by the accused. Article 32(a)(2)(A). The preliminary hearing officer must prepare a report that specifically addresses whether probable cause exists. Article 32(c). A convening authority cannot refer a specification to a general court-martial, "unless he has been advised in writing by the staff judge advocate that— . . . the specification is warranted by the evidence indicated in" the preliminary hearing officer's report. Article 34(a).

### Analysis

The military judge erred in finding that the "PHO's determination . . . that probable cause did not exist with respect to Charge II and the specifications thereunder, is dispositive" and therefore they were improperly referred. The statutory scheme does not make the PHO's determination as to probable cause binding on the SJA or the convening authority (CA).

The interpretation of a statute begins with the plain language of the statute in the context of the overall statutory scheme. *King v. Burwell,* 135 S.Ct. 2480, 2489 (2015). Article 32 requires the PHO to conduct a preliminary hearing at which evidence is presented and witnesses

may be examined in order to determine, among other things, "whether there is probable cause to believe an offense has been committed and the accused committed the offense" and to prepare a report which addresses probable cause. Article 32(a)(2)(A) & (c). After the report is completed, and before referring a charge to a general court-martial, a CA must be advised in writing by his SJA that "the specification is warranted by the evidence indicated in the report of investigation under" Article 32 before the offense can be referred. Article 34(a). There is nothing in this statutory scheme that makes a determination of probable cause by the PHO a precondition of referral to a general court-martial, nor is there any language making the PHO's determination binding on the SJA or the CA. By contrast, the SJA's advice is a clear precondition of referral to a general court-martial. The statutory language consequently provides no support for the proposition that the PHO's determination of probable cause is dispositive.

In holding to the contrary, the military judge placed emphasis on the use of the word "determination" in R.C.M. 405. In conjunction with probable cause, R.C.M. 405 uses the phrase "necessary to determine," in R.C.M. 405(a) and (e). In neither instance is there any indication of who is to make the ultimate determination based on the evidence developed during the preliminary hearing. By contrast, in provisions that persuaded the military judge of the finality of the PHO's determination, R.C.M. 405(g) specifically requires a determination by the PHO concerning evidence or the production of witnesses at the preliminary hearing. This difference between R.C.M. 405(a) and (e) on the one hand and R.C.M. 405(g) on the other went unmentioned by the military judge, but it supports our view that there is no reason to believe a PHO's determination that probable cause does not exist is conclusive. There is nothing in the recently amended language of Article 32 to suggest that the PHO's opinion that probable cause does not exist as to a specification precludes the SJA from making a different determination or the CA from referring the specification for trial, after the requirements of Articles 32 and 34 have been met. *C.f.* R.C.M. 601(d) (contains no requirement for a probable cause determination from the PHO in order for a CA to refer a charge to trial). This reading of Article 32 is also consistent with past practice. *Id.* (R.C.M. 601(d) not amended by Exec. Order No. 13696, 80 FR 35783 (June 17, 2015).) Nothing in the amended Article 32 or its legislative history suggests a Congressional intent to substantially change past practice in this respect.

The military judge also found the Article 34 advice defective because it was misleading; it was not. As described above, Article 34 requires the SJA to provide his advice as to the evidence and his recommendation as to what action the CA should take with regard to each specification. The SJA's conclusion that the "specifications are supported by evidence to meet a beyond a reasonable doubt burden" surely conveys that each "specification is warranted by the evidence," the language of Article 34(a). Although the SJA did not specify that the evidence was contained in the PHO's report, the SJA discussed the evidence in paragraph 4.b. of his advice and all of that evidence was contained in the report. Finally, the SJA's advice clearly states that the PHO recommended Charge II and the specifications thereunder be dismissed and that the SJA instead recommends they be referred to a general court-martial. The SJA's advice was not misleading and complied with Article 34.

## Decision

The military judge's ruling dismissing Charge II and its specifications is reversed. The record is returned for further proceedings.


Chief Judge McCLELLAND and Judge BRUCE concur.



For the Court,


Shelia R. O'Reilly
Clerk of the Court